UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10786-GAO

IVETTE MARTINEZ,
Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Defendant.

ORDER
September 27, 2017

O'TOOLE, D.J.

Ivette Martinez appeals the denial of her application for Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI") by the Commissioner of Social Security ("Commissioner"). Before the Court are Martinez's Motion to Reverse or Remand the Decision of the Commissioner (dkt. no. 16) and the defendant's Motion to Affirm the Decision of the Commissioner (dkt. no. 20). After careful review of the administrative record and the parties' memoranda, I conclude that the Commissioner's decision must be reversed and the matter remanded for further consideration, for three reasons.

First, the omission of the Administrative Law Judge ("ALJ") to address the issue of the claimant's complaints of hand pain was a substantial error. The medical records show persistent complaints by Martinez to multiple medical treaters about her hand pain and its effects on her ability to perform various tasks. It is true that the treaters' main focus tended to be on her shoulder

---

[1] Nancy A. Berryhill is now the acting commissioner of the Social Security Administration. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as the defendant in this action.

pain, and it is also true that various diagnostic tests were negative for physical signs of conditions that would produce the subjectively described hand pain. However, there were also objective findings that would tend to support the claims of hand pain. For example, in a note dated October 18, 2013, Dr. Roberto Feliz addressed the conundrum:

> Upon examination of the hands, there is no apparent deformity or atrophy. There is no swelling. There is no contracture. There is tenderness and swelling over the MP joints. There is tenderness and swelling over the PIP and DIP joints. There is limited range of motion when flexing or extending the joint due to pain. Grasping or making a fist is reduced due to pain.

(Administrative Tr. at 538 [hereinafter R.].)[2] This note reflects the doctor's objective assessment on physical examination, not simply the recording of subjective characterizations by the patient. In the Residual Functional Capacity Questionnaire that he completed, Dr. Feliz answered affirmatively the question that asked, "Does your patient have *significant limitations* in doing *repetitive* reaching, handling, or fingering?" (Id. at 620) (Emphasis in original.)

This is not to say that the ALJ necessarily should have found the complained-of hand pain to be disabling or that she was bound to credit the plaintiff's claims about it. It is to say that the failure to address and evaluate the issue in the decision was an error.

Second, the ALJ relied too heavily on the plaintiff's self-described activities of daily living ("ADLs"). The ADLs were inconsistent with some of the plaintiff's complaints. For example, her apparent ability to fly several hours in an airplane to Puerto Rico seems inconsistent with a claim of inability to take public transportation because of agoraphobia. But the ability to tolerate such a flight would not necessarily be inconsistent with difficulty performing a sedentary job that required the use of the hands, for example. Similarly, the described ADLs may have indicated that Martinez

---

[2] The administrative record has been filed electronically. The record is in its original paper form, with the page numbers in the lower right-hand corner of each page. Citations to the record are to the pages as originally numbered, rather than to numbering supplied by the electronic docket.

was not housebound, but they do not necessarily refute an inability to work an eight hour day without requiring excessive breaks or occasioning repetitive absences. The logical fallacy behind the ALJ's error was in thinking that "If she can do A, B, C, and D, then she must also be able to do E." For that to be valid would depend on how similar E is to A-D. That similarity, if it exists, is not elucidated precisely enough in the decision.

Finally, the decision does not adequately explain why the opinion of a treating pain specialist, Dr. Feliz, was entitled to "little weight." (R. at 27.) A case might be made for that determination, but the decision does not make it. The ALJ's conclusion is stated too summarily without sufficient explanatory support. When asked for his opinion, Dr. Feliz answered in the Questionnaire that Martinez's impairments were consistent with the described symptoms and functional limitations, that her pain would frequently interfere with her attention and concentration, that she was severely limited in her ability to deal with workplace stress, that she would need to shift at will from sitting, standing or walking, that she would need to take unscheduled breaks, and that she was not, in Dr. Feliz's opinion, a malingerer. (Id. at 617-621.) These opinions were expressed by a physician who was then treating Martinez for her pain symptoms. He completed the RFC Questionnaire on July 18, 2014. He had last seen Martinez about three weeks earlier on June 23, 2014. (Id. at 1036-1040.) If reliance on Dr. Feliz's opinion should be minimized, a better explanation is needed than the one provided in the decision.

For these reasons, the decision of the Commissioner is REVERESED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge